ANDERSON, Internal Revenue Collector, v. FORTY–TWO BROADWAY CO.

(Circuit Court of Appeals, Second Circuit. April 28, 1914.)

No. 221.

INTERNAL REVENUE (§ 9*)—CORPORATION TAX ACT—INCOME—INTEREST ON BONDED INDEBTEDNESS.

Corporation Tax Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), imposing a tax on the net income of corporations, declares in subdivision 1 of paragraph 2, that the net income shall be ascertained by deducting from the gross income all necessary expense actually paid within the year out of the income of the business, including charges such as rentals or franchise payments required as a condition to the continued use of the property, and provides in subdivision 3 that interest actually paid within the year on bonded or other indebtedness, not exceeding the paid-up capital stock of the corporation outstanding at the close of the year, shall also be deducted. A corporation engaging in the business of buying, mortgaging, selling, and improving real property and letting of buildings erected thereon had a paid-up capital stock of $600, and had a bonded indebtedness of several millions of dollars secured by a mortgage on its realty. Held, that subdivisions 1 and 3 must be construed together by construing the indebtedness in subdivision 3 to be the usual corporate indebtedness which is not an ordinary 'expense of maintenance, nor a charge, payment of which is a condition of the continued use or possession of property, and payments of interest on the bonds essential to the continued use and possession of the property were ordinary and necessary expenses within subdivision 1, and the interest, including interest actually paid within the year, though previously accruing, must be deducted in determining the liability of the corporation.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*]

In Error to the District Court of the United States for the Southern District of New York.

Suit by the Forty-Two Broadway Company against Charles W. Anderson, Collector of Internal Revenue of the United States for the Second District of New York. There was a decree of the District Court for complainant (209 Fed. 991), and defendant brings error. Affirmed.

A. S. Pratt, Asst. U. S. Atty., of New York City, for plaintiff in error.

R. S. Baldwin, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The Forty-Two Broadway Company is a corporation of the state of New York engaged in the buying, mortgaging, selling, and improving of real property and letting of buildings erected thereon. Its capital stock consists of six shares of $100 each. The only business it has ever done was the purchasing of the land and the erection of an office building thereon known as No. 42 Broadway. It executed first and second mortgages on the premises to secure its bonds. The business has always been conducted at a loss. By contract dated April 8, 1910, it sold the premises, and they were actually con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

veyed to the purchaser December 30th and settlement made as of September 30, 1910.

February 27, 1911, it filed a return of net income for the year 1910 under section 38 of the Act of August 5, 1909, 36 Stat. 112, c. 6 (U. S. Comp. St. Supp. 1911, p. 946) known as the United States Corporation Tax Law. April 10, 1911, it filed under protest an amended return made out in accordance with the requirements of the Commissioner of Internal Revenue, showing a gross income of $306,817.21 and a net income of $178,136, the assessment upon which of $1,781.36 it paid under protest to the defendant, Collector of Internal Revenue for the Second District of New York. April 15th it appealed from the assessment to the Commissioner of Internal Revenue and demanded a refund. June 5th the Commissioner denied the appeal, and November 4th it brought this action against Anderson to recover the amount paid.

The second paragraph of section 38 describes how net income shall be ascertained:

"Second. Such net income shall be ascertained by deducting from the gross amount of the income of such corporation, joint-stock company or association, or insurance company, received within the year from all sources (first) all the ordinary and necessary expenses actually paid within the year out of income in the maintenance and operation of its business and properties, including all charges such as rentals or franchise payments, required to be made as a condition to the continued use or possession of property; * * * (third) interest actually paid within the year on its bonded or other indebtedness not exceeding the paid-up capital stock of such corporation, joint-stock company or association, or insurance company, outstanding at the close of the year. * * *"

The company claims that there should have been deducted from the gross income interest paid in the year 1910 as follows:

| | |
|---|---:|
| Interest on first mortgage, a lien on real property of company, securing bond of the company, accrued and paid in 1910......... | $135,000 00 |
| Interest on second mortgage, a lien on real property of company, securing bond of company, accrued and paid in 1910......... | 25,000 00 |
| Interest on second mortgage, a lien on real property of company, securing bond of company, accrued prior to 1910, but paid in 1910 | 76,527 77 |
| Other interest on bonded and other indebtedness of the company, contracted in the maintenance and operation of the business and properties of the company, such interest being a liability incurred or paid as a necessary expense in the maintenance of the business and properties of the company. | |
| Total of such interest accrued and paid in 1910.................. | 47,715 16 |
| Total of such interest accrued prior to 1910 but paid in 1910..... | 55,274 00 |
| | $339,516 93 |

The commissioner allowed only interest on so much of the mortgage indebtedness as equaled the paid-up capital stock of $600, viz., $36. If the interest on the company's bonds secured by mortgage on its property accruing and paid in 1910, $160,000, should have been deducted from the gross income, the net income would be $23,171.75 and the tax $231.71, and if the interest accruing in 1909, but paid in 1910, $76,527.-77 should also have been deducted, there would be no net income at all, and the whole tax should be refunded.

The government admits that if the interest had not been paid the mortgages would by their terms have fallen due, and if foreclosed the

company would have lost its property. It seems to us that these payments of interest on bonds of a corporation engaged in the realty business secured on its realty were ordinary and necessary expenses in the "maintenance and operation" of such business, and were also charges required to be paid as a."condition of the continued use or possession" of its property within subdivision 1 of paragraph 2 of section 38. As subdivision 3 relates specifically to interest, it should, on accepted principles of construction, control and take interest out of subdivision 1 unless both subdivisions can be construed together consistently so as to leave it in. We think this can be done by construing indebtedness in subdivision 3 to be the usual corporate indebtedness which is not an ordinary expense of maintenance nor a charge, payment of which is a condition of the continued use or possession of property. The bonds of a company like this, engaged in realty business secured by mortgages on its realty, we think is not such an indebtedness. Our conclusion does not depend upon the circumstance that there was in point of fact no net income at all, the business having been conducted at a loss. Corporations in similar case may be taxable when net income is ascertained in the manner provided in the act.

Furthermore, we think that such interest actually paid within the year though previously accruing should be deducted. The act expressly defines both the maintenance expenses and the interest on indebtedness to be such as is "actually paid within the year." This seems to us reasonable because the net income which measures the tax is the income received during the year, and the deductions should be of sums paid during the year. Otherwise there will never be a credit for interest not paid within the year in which it accrued.

The judgment is affirmed.